UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SERENA FAST HORSE,<br><br>Defendant. | 5:23-CR-50189-KES-02<br><br>ORDER DENYING<br>MOTION TO SEVER |

Serena Fast Horse filed a motion and brief in support requesting her case be severed from Jerel Running Bear, her co-defendant. (Docs. 34 & 35). The United States opposes Fast Horse's motion. (Doc. 36). Running Bear filed a response to Fast Horse's motion and the United States' response. (Doc. 37).

## JURISDICTION

A grand jury returned an indictment charging Fast Horse with Accessory After the Fact under 18 U.S.C. §§ 3 and 1153 and Running Bear with First Degree Murder under 18 U.S.C. §§ 1111(a), and 1153; Discharge of a Firearm During the Commission of a Crime of Violence under 18 U.8.C. § 924(c)(l)(A)(iii); and Possession of a Firearm by a Prohibited Person under 18 U.8.C. §§ 922(g)(1) and 924(a)(8). (Doc. 8). The pending Motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Court District of South Dakota's Local Rule (LR) 57.11(B).

1

**DISCUSSION**

I. **Defendants are Properly Joined under Rule 8(b)**

When considering a motion for severance, the district court must first determine whether joinder was proper under Rule 8(b) of the Federal Rules of Criminal Procedure.  United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995).  Federal Rule of Criminal Procedure 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  The Supreme Court has held, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together."  Zafiro v. United States, 506 U.S. 534, 537 (1993).

Fast Horse does not argue that joinder is improper.  (Doc. 58, p. 2). Joinder is proper as Fast Horse and Running Bear are alleged to have "participated in the same act or transaction" namely the murder and hindering of prosecution for the murder of Ashley Valentine, as set out in the indictment. See United States v. Wisecarver, CR. 15-50114-JLV, 2016 WL 4203439 (D.S.D. Aug. 9, 2016) (quoting United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984)) ("The propriety of joinder is to be determined from the face of the indictment. . . .  The factual allegations in the indictment must be accepted as true.")).

II. **Severance under Rule 14(a)**

Severance under Federal Rule of Criminal Procedure 14(a) provides, "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice

a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

"Once defendants are properly joined under Rule 8, there is a strong presumption for their joint trial," which may be overcome if the party moving to sever "can show that the benefits [of joinder] are outweighed by a clear likelihood of prejudice." United States v. Flores, 362 F.3d 1030, 1039 (8th Cir. 2004); United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009). A court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of co-defendants. United States v. George, 548 F. Supp. 2d 713, 720 (D.S.D. 2008).

To warrant severance, a defendant must demonstrate "severe or compelling" prejudice as a result of the district court's refusal to grant severance. Id.; United States v. Crumley, 528 F.3d 1053, 1064 (8th Cir. 2008). "[A] defendant must show 'real prejudice', that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.' " United States v. Collins, 240 F. Supp. 2d 1078, 1081 (D.S.D. 2002) (quoting United States v. Mickelson, 378 F.3d 810, 817-18 (8th Cir. 2004)).

Even when real prejudice is shown, the court must still consider "less drastic measures, such as a limiting instruction" to cure any potential prejudice. Zafiro, 506 U.S. at 540. Therefore, Rule 14 does not require severance if prejudice is shown; rather, the tailoring of relief is left to the district court's sound discretion. Id. at pp. 538-39.

### A. Whether Prejudice Warranting Severance has been Established

When joinder is proper under Rule 8, the defendant seeking to sever her case has the burden to demonstrate how a joint trial would prejudice her right to a fair trial. Darden, 70 F.3d at 1526.

"Where two or more defendants are tried jointly[,] the pretrial confession of one of them that implicates the others is not admissible against the others unless the confessing defendant waives his Fifth Amendment rights so as to permit cross-examination." Wisecarver, CR. 15-50114-JLV, 2016 WL 4203439 (quoting Cruz v. New York, 481 U.S. 186, 189-90 (1987)); see Richardson v. Marsh, 481 U.S. 200, 206 (1987) (The Confrontation Clause dictates that "where two defendants are tried jointly, the pretrial confession of one cannot be admitted against the other unless the confessing defendant takes the stand.").

In Bruton, the Supreme Court held "the admission of a confession of a codefendant who did not take the stand deprived the defendant of his rights under the Sixth Amendment Confrontation Clause, when that confession implicated the defendant." Schneble v. Florida, 405 U.S. 427, 429-30 (1972) (citing Bruton v. United States, 391 U.S. 123, 126 (1968)). The Supreme Court demarcated the proper function of limiting instructions in joint trials, explaining that even "clear" instructions are not "adequate substitute[s]" for a defendant's right to cross-examination. Bruton, 391 U.S. at 137. The Eighth Circuit later explained:

> A defendant's constitutional rights are violated when the court admits the out-of-court statements of a codefendant, which, "despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury

4

>ordinarily could make immediately, even were the confession the very first item introduced at trial."

United States v. Gayekpar, 678 F.3d 629, 636-37 (8th Cir. 2012) (quoting Gray v. Maryland, 523 U.S. 185, 196 (1998)).

In Samia, the Supreme Court held that a redacted confession of a co-defendant, which replaced the Defendant's name with neutral references, coupled with a limiting instruction, instructing the jury to consider the confession only against the confessing co-defendant, sufficed to avoid any Bruton problem, even where there was evidence that linked the Defendant to the co-defendant's confession. Samia v. United States, 599 U.S. 635, 640-41 (2023). The Court found the substitution of the defendant's name with the "other person" was not an obvious redaction and was not akin to an obvious blank or the word "deleted." Id. at p. 654. The Court recognized the Bruton rule applies only to "directly accusatory" incriminating statements, as distinct from those that do "not refer directly to the defendant" and "become incriminating only when linked with evidence introduced later at trial." Id.; see United States v. Coleman, 349 F.3d 1077, 1085 (8th Cir. 2003) (Bruton is not implicated when a non-testifying defendant's statement inculpates a co-defendant "inferentially-through linkage to other evidence." Thus, Bruton violations "may be avoided through redaction if a cautionary jury instruction is given, if the redactions are neutral, and if they do not obviously directly refer to the defendant."). The Court held "[t]he Confrontation Clause ensures that defendants have the opportunity to confront witnesses against them, but it

5

does not provide a freestanding guarantee against the risk of potential prejudice that may arise inferentially in a joint trial." Id. at p. 655.

In this case, Fast Horse, pointing to Samia, argues her case should be severed from Running Bear because Running Bear confessed to shooting the victim and directly implicated Fast Horse by stating she helped him locate an area to dispose of the victim's body. (Doc. 35). In Running Bear's response to Fast Horse's motion and the United States' response, he states "Mr. Running Bear's confession directly inculpates Ms. Fast Horse and editing the confession in any way under Samia does not cure that problem. It also does not cure the issue if Mr. Running Bear intends to testify in his own defense as to his recollection of the events of the evening." (Doc. 37, p. 1).

Prior to ruling on the instant motion, the Court directed the United States to submit statements made by either defendant that the government intends to introduce as evidence and proposed modifications for an in-camera inspection. (Doc. 38). The United States submitted a summary of Serena Fast Horse and Jeral Running Bear's interview with Special Agent Brent Bixenman. (Docs. 42-1, 42-2). Regarding Running Bear's interview, "[t]he United States [] propose[s] that Fast Horse's first name, 'Serena,' be replaced with pronouns such as her, or she, and sometimes they." (Doc. 42, p. 1). The United States previously stated that they do not object to the redaction of Fast Horse's confession to eliminate directly inculpating Running Bear nor to the jury being instructed to consider Fast Horse's confession only against Fast Horse, the declarant-defendant. (Doc. 36, p. 8).

The United States did an inadequate job of modifying Running Bear's confession to not directly inculpate Fast Horse. See Doc. 42-1. However, after viewing Running Bear's statements, the court is confident that Running Bear's alleged confession can be modified to avoid directly identifying Fast Horse and comply with Samina. At trial, the district court should offer a limiting instruction that jurors may consider the confession only with respect to the confessing co-defendant. This cautionary jury instruction will be sufficient to cure the potential inculpation of the co-defendant. See Samia, 599 U.S. at 645-48; United States v. Leones, 2024 WL 340324 (11th Cir. 2024)).

Once the redactions are made and the limiting instruction is provided, the Confrontation Clause will not be implicated and Bruton will not apply. See Samia, 599 U.S. at 640. Fast Horse failed to meet her heavy burden that she will face "severe or compelling" prejudice as a result of the court's refusal to grant severance under Fed. R. Crim. P. 14(a).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Running Bear's motion (Doc. 34) be denied.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P.

7

58(g)(2); 59(a).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  FED. R. CRIM. P. 59(a) Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

    DATED this 23rd day of February, 2024.

                                            BY THE COURT:

                                            DANETA WOLLMANN
                                            United States Magistrate Judge